JUDGE SWAIN

UNITED STATES DISTRICT COURT  13 CIV 8257
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liza Lancione,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Sirius XM Radio Inc.,<br><br>　　　　　　Defendant. | Civil Action No.:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |



RECEIVED NOV 19 2013 U.S.D.C. S.D.N.Y. CASHIERS

For this Complaint, the Plaintiff, Liza Lancione, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Liza Lancione ("Plaintiff"), is an adult individual residing in Maineville, Ohio, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Sirius XM Radio Inc. ("Sirius"), is a New York business entity with an address of 1221 Avenue of the Americas, 36th Floor, New York, New York 10020, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last four years, Sirius contacted Plaintiff on her cellular telephone in an attempt to solicit their services to Plaintiff.

7. At all times mentioned herein, Sirius called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered the calls from Sirius, she experienced a period of silence before a live person came on the line. After this period of silence, the call would either be terminated, or Plaintiff would be connected to a live representative.

9. Plaintiff had previously purchased services from Sirius, but had since canceled said services, and did not wish to renew them.

10. Plaintiff did not provide her consent to Sirius to contact her on her cellular telephone in relation to the solicitation calls complained of herein.

11. During a communication between Plaintiff and Sirius, Plaintiff stated that she was not interested in repurchasing services from them, and requested that the automated solicitation calls to her cellular phone cease. Sirius stated that they would remove Plaintiff's number from their call list.

12. Despite Plaintiff's request, Sirius continued to harass Plaintiff on her cellular phone attempting to solicit their services. These repeated solicitation attempts caused much annoyance and inconvenience to Plaintiff.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Sirius called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..." *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16. Sirius's telephone systems have all the earmarks of a predictive dialer. Often times when Plaintiff answered the phone, Sirius's telephone system did not connect the call to a live representative and the phone system would terminate the call.

17. Often times when Plaintiff answered the phone, she was met with a period of silence before Sirius's telephone system would connect her to live person.

18. Upon information and belief, Sirius's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff did not provide Sirius with her consent to contact her cellular telephone, and in fact instructed Sirius to stop all calls to her and cease calling her cellular telephone.

20. Sirius continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Sirius was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Sirius to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Sirius constitutes a violation of the TCPA.

24. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
2. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 13, 2013

Respectfully submitted,

By _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff